IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| OSVALDO LOZOYO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) FILE NO. 1:14-CV-01057-CAP |
| | ) |
| OLDCASTLE SURFACES, INC., | ) |
| | ) |
| Defendant. | ) |

## ANSWER OF OLDCASTLE SURFACES, INC.

COMES NOW Defendant Oldcastle Surfaces, Inc. ("Oldcastle"), by and through its counsel of record, and files its Answer and Defenses to the Plaintiff's Complaint as follows:

### FIRST DEFENSE

Oldcastle denies each and every paragraph and allegation in Plaintiff's Complaint unless specifically and expressly admitted in this pleading.

### SECOND DEFENSE

Plaintiff's Complaint, and each count therein, fails to state a claim upon which relief may be granted against Oldcastle.

### THIRD DEFENSE

At all times Oldcastle's actions complied with the law.

## FOURTH DEFENSE

Without any admission by Oldcastle of liability or responsibility for any damages, Oldcastle asserts that Plaintiff has failed to mitigate his alleged damages. Plaintiff's damages, if any, must be reduced, in whole or in part, to the extent Plaintiff failed to mitigate his damages.

## FIFTH DEFENSE

Plaintiff was an at-will employee and Plaintiff was terminated for a legitimate, lawful business reason.

## SIXTH DEFENSE

Plaintiff was terminated for a legitimate, non-discriminatory and non-retaliatory business reason.

## SEVENTH DEFENSE

Oldcastle acted reasonably and in good faith at all times, with *bona fide* reasons for believing that its conduct complied with the law.

## EIGHTH DEFENSE

Plaintiff, through his own acts or omissions, waived any rights to the causes of action pled in his Complaint and/or is estopped from pursuing them against Oldcastle in this litigation.

## NINTH DEFENSE

Assuming, *arguendo*, that Plaintiff is entitled to an award of damages, Oldcastle is entitled to a setoff to the extent Plaintiff mitigated his damages in whole or in part.

## TENTH DEFENSE

Assuming, *arguendo*, any discrimination or retaliation, which Oldcastle denies, Oldcastle would have rescinded any employment offer prior to Plaintiff's employment, or terminated Plaintiff's employment immediately upon Plaintiff's acceptance of a second fabricator position with a third party employer, depending upon when such third party employment began, based upon evidence of wrongdoing acquired after the offer of employment.

## ELEVENTH DEFENSE

Plaintiff's claims may be barred in whole or in part on the ground that Plaintiff was treated consistently with similarly situated employees with regard to all terms, conditions, and privileges of employment.

## TWELVTH DEFENSE

Pursuant to information or belief, Plaintiff's claims may be barred or offset by Georgia's worker's compensation laws.

## THIRTEENTH DEFENSE

Plaintiff's claims may be barred in whole or in part on the grounds such claims are premature and/or Plaintiff has failed to timely exhaust all administrative remedies prior to bringing this lawsuit.

## FOURTEENTH DEFENSE

Plaintiff's claims may be barred in whole or in part because Plaintiff does not have a "disability" as defined by the Americans with Disabilities Act, as amended.

## FIFTEENTH DEFENSE

Some or all of Plaintiff's claims are barred by his failure to comply with applicable employment policies, procedures, and practices.

## SIXTEENTH DEFENSE

Any and all employment actions taken by Oldcastle relating to Plaintiff's employment and the termination of his employment were based on legitimate, non-discriminatory and non-retaliatory business reasons and factors and were not based on Plaintiff's alleged disability, race, national origin, request for FMLA leave, or any other prohibited criteria.

## SEVENTEENTH DEFENSE

Plaintiff's claims may be barred in whole or in part because Oldcastle did not subject Plaintiff to any form of unlawful or improper discrimination or retaliation.

## EIGHTEENTH DEFENSE

Plaintiff's claims may be barred in whole or in part on the grounds that Plaintiff did not have a contractual relationship with Oldcastle necessary to establish a claim under 42. U.S.C. § 1981.

## NINETEENTH DEFENSE

Plaintiff has failed to plead and/or cannot establish sufficient facts or legal basis to warrant an award of punitive damages or attorneys' fees.

## TWENTIETH DEFENSE

Plaintiff's claims are barred to the extent that they are not like or related to the claims alleged in, or exceed the scope of, the EEOC charge made the basis of this action.

## TWENTY-FIRST DEFENSE

Plaintiff's claims may be barred in whole or in part because Plaintiff was provided all benefits and rights to which he may have been entitled under the Family and Medical Leave Act.

## TWENTY-SECOND DEFENSE

Plaintiff's claims for discrimination and retaliation may be barred in whole or in part because no causal connection exists between any alleged protected activity and any alleged adverse employment action.

## TWENTY-THIRD DEFENSE

Plaintiff's claims for interference, restraint, or denial under the Family and Medical Leave Act may be barred in whole or in part because no causal connection exists between any alleged exercise of FMLA rights and any alleged adverse employment action.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims for interference, restraint, or denial under the Family and Medical Leave Act may be barred in whole or in part because Oldcastle would have terminated Plaintiff for legitimate, lawful business reasons regardless of his claim for FMLA leave.

## TWENTY-FIFTH DEFENSE

Plaintiff's claims may be barred in whole or in part because Oldcastle never perceived or regarded Plaintiff as an individual with a disability as defined by the ADA.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims may be barred in whole or in part because he was not otherwise "qualified" as defined by the Americans with Disabilities Act.

## TWENTY-SEVENTH DEFENSE

Plaintiff's claims for damages may be barred in whole or in part because his own conduct and misconduct was the proximate cause of the damages he seeks.

## TWENTY-EIGHTH DEFENSE

Plaintiff's claims for damages are subject to applicable statutory caps.

## RESERVATION OF RIGHTS

Oldcastle intends to rely on other such defenses that may become available or apparent during the course of discovery in this case, and expressly reserves the right to petition the Court for leave to amend this Answer to assert any and all such defenses.

Oldcastle responds to the numbered paragraphs of Plaintiff's Complaint as follows:

## JURISDICTION AND VENUE

1.

Oldcastle admits that the United States District Court has original

jurisdiction of this civil action pursuant to 28 U.S.C. § 1331.  Oldcastle admits that venue is proper in the United States District Court for the Northern District of Georgia.  Oldcastle denies the remaining allegations in paragraph 1 of the Complaint.

**2.**

Oldcastle admits that venue is proper in the United States District Court for the Northern District of Georgia.  Oldcastle admits that Plaintiff filed an EEOC Charge and a Notice of Right to sue was issued.  Oldcastle is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 2 of the Complaint, and, therefore, denies the same.

## THE PARTIES

**3.**

Oldcastle admits that Plaintiff was an employee of Oldcastle.  Oldcastle denies that Plaintiff was entitled to FMLA.  Oldcastle is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 3 of the Complaint, and, therefore, denies the same.

**4.**

Oldcastle admits that it is a Georgia corporation authorized to do business in Georgia and that it is an employer.  Oldcastle denies the remaining allegations contained in paragraph 4 of Plaintiff's Complaint.

**FACTS**

**5.**

Oldcastle admits that Plaintiff began working for Defendant on or about 1999 as a fabricator.  Oldcastle denies the remaining allegations contained in paragraph 5 of Plaintiff's Complaint.

**COUNT I**

**VIOLATION OF ADA – REGARDED AS DISABLED**

**6.**

Oldcastle realleges and incorporates by reference herein its defenses and responses to paragraphs 1 through 6 of Plaintiff's Complaint.

**7.**

Oldcastle denies the allegations contained in paragraph 7 of Plaintiff's Complaint.

**8.**

Oldcastle denies the allegations contained in paragraph 8 of Plaintiff's Complaint.

**9.**

Oldcastle denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

## COUNT II

## INTERFERENCE WITH, RESTRAINT OF, AND DENIAL OF RIGHTS PROVIDED BY THE FAMILY AND MEDICAL LEAVE ACT

**10.**

Oldcastle realleges and incorporates by reference herein its defenses and responses to paragraphs 1 through 9 of Plaintiff's Complaint.

**11.**

Oldcastle denies the allegations contained in paragraph 11 of Plaintiff's Complaint.

**12.**

Oldcastle denies the allegations contained in paragraph 12 of Plaintiff's Complaint.

**13.**

Oldcastle denies the allegations contained in paragraph 13 of Plaintiff's Complaint.

**14.**

Oldcastle denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

## COUNT III

## RETALIATION FOR CONDUCT PROTECTED BY THE FAMILY AND MEDICAL LEAVE ACT

**15.**

Oldcastle realleges and incorporates by reference herein its defenses and responses to paragraphs 1 through 14 of Plaintiff's Complaint.

**16.**

Oldcastle denies the allegations contained in paragraph 16 of Plaintiff's Complaint.

**17.**

Oldcastle denies the allegations contained in paragraph 17 of Plaintiff's Complaint.

## COUNT IV

## DISPARATE TREATMENT

**18.**

Oldcastle realleges and incorporates by reference herein its defenses and responses to paragraphs 1 through 17 of Plaintiff's Complaint.

**19.**

Oldcastle denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

**20.**

Oldcastle denies the allegations contained in paragraph 20 of Plaintiff's Complaint.

## COUNT V

## TERMINATION OF EMPLOYMENT

**21.**

Oldcastle realleges and incorporates by reference herein its defenses and responses to paragraphs 1 through 20 of Plaintiff's Complaint.

**22.**

Oldcastle denies the allegations contained in paragraph 22 of Plaintiff's Complaint.

**23.**

Oldcastle denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

24.

Oldcastle denies each and every allegation, averment, matter, prayer, or thing contained in Plaintiff's Complaint not herein admitted, controverted, or specifically denied and further denies that Plaintiff is entitled to any of the relief prayed for therein.

## **PRAYER FOR RELIEF**

Oldcastle denies that Plaintiff is entitled to any of the relief sought in the unnumbered "WHEREFORE" paragraph immediately following paragraph 23 of the Compliant, including subparagraphs (a) through (j), or otherwise.

**WHEREFORE**, Oldcastle respectfully requests that this Honorable Court: (i) enter judgment in its favor and against Plaintiff and that the Complaint herein be dismissed with prejudice; (ii) award Oldcastle its costs of suit herein; (iii) award

- 14 -

Oldcastle reasonable attorneys' fees as may be determined appropriate by the Court; and (iv) grant such other and further relief as the Court may deem just and proper.

This 7th day of May, 2014.

                        Respectfully Submitted,

                        OLDCASTLE LAW GROUP

                        <u>/s/ M. Craig Hall</u>
                        M. Craig Hall
                        Georgia Bar No. 319220

                        <u>/s/ Sarah T. Brooks</u>
                        Sarah T. Brooks
                        Georgia Bar No. 142392
                        *Attorneys for Oldcastle*

OLDCASTLE LAW GROUP
900 Ashwood Parkway
Suite 600
Atlanta GA 30338
Telephone: 770/392-5310
Craig.Hall@oldcastlelaw.com

## LOCAL RULE 7.1 D CERTIFICATION

Pursuant to Northern District of Georgia Local Rule 7.1D, the undersigned counsel for Oldcastle certifies that the attached brief, motion, or response has been prepared with one of the font and point selections approved by the court in LR 5.1B.

Respectfully submitted this 7th day of May, 2014.

OLDCASTLE LAW GROUP

/s/ M. Craig Hall
M. Craig Hall
Georgia Bar No. 319220

/s/ Sarah T. Brooks
Sarah T. Brooks
Georgia Bar No. 142392
*Attorneys for Oldcastle*

OLDCASTLE LAW GROUP
900 Ashwood Parkway
Suite 600
Atlanta GA 30338
Telephone: 770/392-5310
Craig.Hall@oldcastlelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2014, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Jack Rosenberg, Esquire
5425 Glenridge Drive
Suite 53
Atlanta, GA  30342

                                            OLDCASTLE LAW GROUP

                                            /s/ M. Craig Hall
                                            M. Craig Hall
                                            Georgia Bar No. 319220

                                            /s/ Sarah T. Brooks
                                            Sarah T. Brooks
                                            Georgia Bar No. 142392
                                            *Attorneys for Oldcastle*

OLDCASTLE LAW GROUP
900 Ashwood Parkway
Suite 600
Atlanta GA 30338
Telephone: 770/392-5310
Craig.Hall@oldcastlelaw.com